### ALLEN v. CLARK.

*Promissory Note.*

The sale and delivery of a negotiable promissory note with indorsements thereon, are a warranty of the genuineness of the indorsements.

The case was referred, and the referee reported the following facts:

On or about January 1, 1873, plaintiff sold and conveyed her farm to defendant, and received from him in part payment therefor, a promissory note whereof Jason Clark, defendant's father, was the maker. There were two indorsements on the note, one for $25, and another for a sum large enough to reduce the note to $150, the balance of the purchase money of the farm. Both of

said indorsements were made by defendant, without the knowl-
edge or consent of his father, at or about the time of said sale,
but the first one was ante-dated September 1, 1869, before which
time defendant had received a present of twenty dollars from his
father, which he had intended at some convenient time to return.
The plaintiff in fact supposed, although defendant did not tell her
so, that the indorsements were made by Jason Clark, whom she
knew as a neighbor, and supposed to be good.   Before said sale
defendant conferred with his father about it, and obtained his
consent thereto ; and after the note was transferred, he informed
him that he had made said indorsements.   At the time of the de-
livery of said note, defendant told plaintiff that if his father had
to pay the note immediately, he would have to borrow the money,
to which plaintiff replied, that if she could have the interest, she
would wait for the principal.   Plaintiff kept the note and made
no attempt to collect it or the interest thereon until the summer
of 1874, when she sent word to Jason Clark by defendant that
she would like the interest, in reply to which defendant brought
back word that his father had not the money.   In the following
fall, plaintiff saw Jason Clark and asked him for the interest, and
he told her he supposed he owed her some, but that he had not the
money to pay her.   The Statute of Limitations would have run
on the note on September 1, 1873, unless prevented by said in-
dorsements.   Jason Clark was solvent up to the bringing of this
suit.

The court, at the September Term, 1876, BARRETT, J., presid-
ing, rendered judgment on the report for the plaintiff, to which
defendant excepted.

*Field & Tyler*, for defendant.

*Davenport & Eddy*, for plaintiff.

The opinion of the court was delivered by
P.OWERS, J.   The defendant delivered the note in question in
its present form to the plaintiff in part payment of the purchase-
money of a farm purchased of the plaintiff.   The case shows that

the indorsements on the note were made by the defendant without the knowledge or consent of the maker of the note, and this fact was concealed from the plaintiff. It turns out that the indorsements are fictitious, and represent no payment made upon the note, and the note soon after its receipt by the plaintiff was barred by the Statute of Limitations.

The transaction discloses a fraud on the part of the defendant. Before the Statute of Limitations had barred the plaintiff's right of recovery, the defendant dissuaded the plaintiff from collecting by sundry excuses and devices, and now has the courage to urge that the plaintiff has been guilty of laches in this behalf. The delivery of the note to the plaintiff in payment of the defendant's debt, was, of itself, a warranty that the paper was in truth just what it purported to be. It was a warranty that the indorsements were genuine in form and in substance, and the plaintiff had the right to assume that the paper would be clear of this defence for six years from the date of the last indorsement.

The judgment of the County Court was morally and legally correct, and is affirmed.